UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE MEADOWS SPRINGLAKE
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.                                               Case No. 8:06-cv-1282-T-17MAP

ALLSTATE INSURANCE COMPANY,
    Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION TO REMAND**

This cause is before the Court on Plaintiff's motion to remand this case to the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, Civil Division, and for an award of attorney fees and costs (Docket No. 10) and response thereto (Docket No. 11).

FACTS AND PROCEDURAL HISTORY

On May 1, 2006, Plaintiff, The Meadows Springlake Condominium Association, Inc., ("Springlake"), filed an action for declaratory judgment and damages in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, Civil Division against Defendant, Allstate Insurance Company ("Allstate"), alleging breach of insurance contract. (Docket No. 2)

1

Plaintiff served the summons and complaint on the Chief Financial Officer of the State of Florida, who serves as agent for all insurers in the state for service of process, on June 7, 2006. (Docket No. 7, Exhibit "A"). On June 9, 2006, the Florida Chief Financial Officer sent CT Corporation System, Allstate's designated agent for service of process in the State of Florida, a copy of Springlake's complaint via certified mail. (Docket No. 7, Exhibit "B"). On June 13, 2006, CT Corporation System received Springlake's legal process. (Docket No. 11, Exhibit "B").

On July 10, 2006, the Clerk of the District Court for the Middle District of Florida, Tampa Division, received Allstate's Notice of Removal to Federal Court. (Docket No. 11, Exhibit "C"). According to paragraph 3 of Allstate's Exhibit "D" (Docket No. 11), a legal secretary for Allstate's attorney received a phone call on July 10, 2006, from the Clerk of the Court indicating that no Civil Cover Sheet had been presented with the Removal Petition. According to paragraph 4 of the same exhibit, the legal secretary e-mailed the Clerk the missing cover sheet and sent via Federal Express a hard copy of the same document. The hard copy was received, and filed, by the court on July 11, 2006 (Docket No. 11, Exhibit "H").

DISCUSSION

Springlake seeks a remand of this action back to the State Circuit Court in which it was originally filed.

Removal

United States District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332 (a)(1). A corporation is considered a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332 (c)(1). Where any civil action is filed in a state court and for which a United States District Court has original jurisdiction, that action may be removed to a district court by the defendant. 28 U.S.C. § 1441(a), *Nathe v. Pottenberg,* 931 F. Supp. 822, 823 (D. Fla. 1995). The federal removal statute requires that:

> The Notice of Removal be filed within 30 days after the receipt by the Defendant, through service, of a copy of an initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of a summons upon the defendant if such initial pleading has been filed in Court and is not required to be served on the Defendant, whichever period is shorter. 28 U.S.C. § 1446(b).

The action may be remanded back to State court for any defect in removal procedure. 28 U.S.C. 1447, *Jones v. Fla. Dep't of Children & Family Servs.*, 202 F. Supp. 2d 1352, 1354 (D. Fla. 2002).

No party disputes that the Defendant Allstate ("Allstate") was entitled to remove this case to federal court. The Plaintiff Springlake is a Florida corporation with its principal place of business in Sarasota, Sarasota County, Florida. (Docket No. 2, p. 2). Allstate is incorporated in the State of Delaware with its principal place of business in Illinois. (Docket No. 1, p. 7). The amount in controversy is at least $1,324,116.76. (Docket No. 1, Exhibit "B"). The complete diversity requirement is satisfied. The issues in this case center around the timeliness of Allstate's removal.

Standard of Review

The removal statutes must be narrowly construed, and uncertainties are to be resolved in favor of remand. *Whitt v. Sherman Int'l Corp.,* 147 F.3d 1325, 1329 (11th Cir. 1998). The Court "must remand to state court any case that was removed improvidently or without necessary jurisdiction." *Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.*, 882 F. Supp. 1056, 1057 (S.D. Fla. 1994). "Where there is any doubt concerning jurisdiction of federal court on removal, the case should be remanded." *Id*.

Statutes conferring diversity and removal jurisdiction should be strictly construed. *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 57 L. Ed. 2d 274, 98 S. Ct. 2396 (1978). Removal statutes are strictly construed because: 1) the exercise of removal is in derogation of state sovereignty; 2) jurisdictional allegations for removal are extremely simple for any lawyer to draft; 3) a liberal construction would promote uncertainty as to a court's jurisdiction in marginal cases; and 4) 28 U.S.C. § 1446(b) is a statute of repose designed not to unduly delay trials. *Hill v. Gen. Motors Corp.*, 654 F. Supp. 61 (S.D.Fla. 1987).

Timely Removal

As stated above, defendants have thirty days to remove an action from the state court to a United States District Court. 28 U.S.C. § 1446(b), *Faulk v. Superior Indus. Int'l*, 851 F. Supp. 457, 458 (D. Fla. 1994).

The primary issue for the Court to resolve is when did Allstate's thirty days commence under the removal statute set forth in 28 U.S.C. § 1446(b). Springlake argues that the thirty days began to run on the date that the Florida Chief Financial Officer sent service of process to Allstate's designated agent, CT Corporation. The time for pleading prescribed by the rules of procedure shall run from the date upon which a copy of the process was mailed by the public officer to the defendant. Fla. Stat. § 48.151(1). The Florida Chief Financial Officer sent service of process to CT Corporation, via certified mail, on June 9, 2006. The Plaintiff argues that Allstate had until July 9, 2006, to file its removal. As Allstate did not, Springlake contends, the motion to remand must be granted.

Conversely, Allstate argues that the thirty days began to run on the date that CT Corporation received service of process from the Florida Chief Financial Officer. CT Corporation received said service of process, via certified mail, on June 13, 2006. The Defendant argues it had until July 13, 2006, to file its removal. As it did file before July 13, 2006, the Defendant contends, the motion to remand must be denied. The Court finds this argument most persuasive. The Court initially notes that neither the Eleventh Circuit nor any other United States Circuit Court of Appeals has addressed this question.

A defendant has thirty days after **receipt** of the initial pleading, through service or otherwise, to file Notice of Removal. 28. U.S.C. § 1446(b) (emphasis added). When service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint. *Hibernia Cmty. Dev. Corp. v. U.S.E. Cmty. Servs. Group*, 166 F. Supp. 2d 511, 513 (D. La. 2001). "When a statutory agent is served, the clock for removal does not begin ticking as it would if defendant itself had been served but rather starts when defendant receives actual notice of the service from the statutory agent." *Wilbert v. Unum Life Ins. Co.*, 981 F. Supp. 61, 63 (D.R.I. 1997). This is because:

4

>statutory agents are not true agents but are merely a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for seeking removal begins to run only when the defendant or someone who is serving as the defendant's agent in fact receives the process. *Hibernia*, 166 F. Supp. 2d at 513, citing 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3D § 3732 (3d ed. 1998).

A clear majority of district courts addressing this issue have ruled that the time for removal is initiated upon receipt by the defendant, or the defendant's **designated** agent. *Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 674 (D. W. Va. 2002). See also *Medina v. Wal-Mart Stores, Inc*., 945 F. Supp. 519, 520 (W.D.N.Y. 1996) ("'the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent.'") (quoting *Cygielman v. Cunard Line, Ltd.*, 890 F. Supp. 305, 307 (S.D.N.Y. 1995)); *Taphouse v. Home Ins. Co.*, 885 F. Supp. 158, 161 (E.D. Mich. 1995) (the time limit for removal does not begin with service on a statutory agent, but when the defendant actually receives the pleading).

In support of its position, Springlake requests that this Court adopt the minority rule espoused in *Masters*. *Masters v. Nationwide Mutual Fire Ins. Co*., 858 F. Supp. 1184 (M.D. Fla. 1994). According to the *Masters* court, the time for removal begins on the date that the statutory agent mails the complaint to the defendant. *Id.* at 1186. Prior to the *Masters* decision, courts did not have extensive experience in analyzing this dispatch/receipt issue under 28 U.S.C. § 1446. See *Durr Drug Go. V. The American Surety Company of New York*, 126 F. Supp. 815 (M.D. Ala. 1954). In the twelve intervening years since *Masters* was handed down, however, the vast majority of courts have focused their analysis at the point that a defendant can first begin to make its removal decision – only after examining the complaint. *Lilly* at 674. If the removal period began running upon transmission of the complaint by the statutory agent, "the privilege of a defendant to remove could be easily curtailed or abrogated completely." *Benson v. Bradley*, 223 F. Supp. 669, 672 (D. Minn. 1963). See also *Skidaway Assocs., Ltd. v. Glens Falls Ins. Co*., 738 F. Supp. 980, 982 (D.S.C. 1990) ("The law appears to be settled that service on a statutory agent . . . does not start the running of the removal statute time limitation period as would service on the defendant or an agent designated by the defendant."); *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex.

1998) (the removal period begins when the defendant actually received the process, not when the statutory agent received it).

In *Masters,* the defendant filed a Notice of removal forty days after the Insurance Commissioner and Treasurer (the predecessor statutory agent to the Florida Chief Financial Officer under then Fla. Stat. § 48.151(3)) was served and twenty-nine days after the agent mailed the complaint. *Id.* at 1185. In dicta, the *Masters* court noted, "by doing business in the state, the defendant has consented to the [statutory] agent as its agent for service of process." *Id.* at 1186. However, this rule does not conform to what is now the majority opinion as to the reality of statutory agents; that they act merely as repositories for forwarding information regarding the designated domestic agents of out-of-state entities. See Fla. Stat. § 48.151(1), *Hibernia*, 166 F. Supp. 2d at 513.

By including a thirty day window, Congress recognized the need for a defendant to consider the strategic feasibility of removal to Federal Court. See *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). However, no strategic assessment can occur when a defendant is ignorant of action being brought against it. A statutory agent, as opposed to an agent designated by a defendant itself, is wholly uninterested in the strategic state of affairs its statutory principle. As the *Masters* court articulated, "it seems illogical that delivery to an agent who derives his authority from a state statute is sufficient service when the same statute provides the additional requirement that the summons and complaint be mailed by the agent to the person being served to start the time for pleading running." *Masters,* at 1186. Why, then, should the time for pleading not wait until delivery to the defendant? Ignorance of legal action is not displaced when a statutory agent sends service. Beginning with the moment that the statutory agent obtains service for forwarding, the defendant's first material change in position occurs upon receipt. Only at this point, can the defendant, or its chosen agent, marshal the necessary resources against accusers. It makes little sense to incorporate time in transit as part of the defendant's thirty days. The *Masters* court properly determined that principles of fairness bar the thirty days from commencing upon statutory agent acceptance of process. *Id*. For the same reasons, this Court believes that the thirty days cannot begin until the defendant, or its agent, receives service.

This Court need now only apply the law to the facts of this case. Allstate's designated agent in the state of Florida, CT Corporation, was served with process via certified mail on June 13, 2006. Thus, Allstate had until at least July 13, 2006, to file its removal. Because Allstate filed its motion in fewer than thirty (30) days after receipt of service of process, the Motion to Remove was timely. Springlake's Motion to Remand is denied.

Because this Court finds that Allstate filed its Motion to Remove in due time, there is no need to address the additional issue of whole or partial receipt of the Motion by the Clerk, raised by Allstate's Motion in Opposition to Remand (Docket No. 11, pg. 11).

<u>Attorneys' Fees and Costs</u>

Plaintiff seeks reimbursement of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). The award of attorney's fees and costs under this section is discretionary with the trial court. *IMCO USA, Inc. v. Title Insurance Company of Minnesota*, 729 F. Supp. 1322 (M.D.Fla. 1990). Because this Court has decided that Allstate timely filed its Motion to Remove, the Springlake is not entitled to attorneys' fees and costs associated with a Motion to Remand back to state court. Springlake's request for attorneys' fees is denied. Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Remand and request for attorneys' fees (Docket No. 10) be **DENIED**.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 5th day of October, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record